UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FELIX ORIAKHI,                          :

          Petitioner,         :          Civ. No. 16-2935 (KM)

    v.                                :

DEPARTMENT OF HOMELAND SECURITY,        :          **OPINION**
et al.,

        Respondents.            :

                        :

**KEVIN MCNULTY, U.S.D.J.**

## I.  INTRODUCTION

Petitioner, Felix Oriakhi, is an immigration detainee currently lodged at the Hudson County Correctional Facility in Kearny, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and also seeks mandamus relief. Mr. Oriakhi's application to proceed *in forma pauperis* will be granted based on the information provided therein. For the following reasons, Mr. Oriakhi's petition for habeas/mandamus relief will be summarily dismissed.

## II.  BACKGROUND

The following factual background is taken from Mr. Oriakhi's statements in his habeas petition. Mr. Oriakhi arrived in the United States in 1980 on a student visa. In 1990, Mr. Oriakhi was sentenced in the United States District Court for the District of Maryland to a thirty-year sentence for a drug conspiracy. According to Mr. Oriakhi, on March 13, 2003, "Immigration and Customs Enforcement (ICE) entered a non[-]contested final administrative order of removal because of the petitioner's drug conspiracy conviction, while still serving the prison sentence." (Dkt. No. 1 at p.2)

Upon release from his federal criminal sentence, Mr. Oriakhi was placed into immigration detention on May 4, 2016. Mr. Oriakhi does not contest his immigration detention in this action. Instead, he challenges how ICE will execute his removal to Nigeria. More specifically, Mr. Oriakhi requests that this Court order ICE to not have agents escort him on his return flight to Nigeria. Mr. Oriahki is concerned about the implied message that will be sent to his home country of Nigeria with two federal officers accompanying him on his return flight. According to Mr. Oriakhi, "Nigerian authorities ha[ve] been placing every escorted deported prisoner in prison." (Dkt. No. 1 at p.3)

Mr. Oriakhi requests habeas and/or mandamus relief from this Court to prevent iCE from providing an escort service on his removal flight to Nigeria. Additionally, Mr. Oriakhi has also filed a motion for a preliminary injunction to prevent his removal from this Court's jurisdiction until such time as this action is decided.

### III.  LEGAL STANDARD: SUA SPONTE DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

"[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court [.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.  DISCUSSION

A. Habeas

As this Court has noted:

Section 1252(g), as amended by the REAL ID Act, Pub L. No. 109–13, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to commence proceedings, adjudicate cases, or execute removal orders.'" *Chehazeh v. Attorney General,* 666 F.3d 118, 134 (3d Cir.2012) (quoting *Reno v. American Anti–Arab Discrimination Committee,* 525 U.S. 471, 482 (1999). Specifically, Section 1252(g), entitled "Exclusive jurisdiction," provides that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 [pertaining to district court jurisdiction over mandamus actions] and 1651 [pertaining to authority of district courts to issue writs] of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g).

*Tasci v. Tsoukaris,* No. 13-2438, 2013 WL 2146901, at *3 (D.N.J. May 14, 2013).

To the extent that Mr. Oriakhi seeks habeas relief in this action, this Court lacks jurisdiction to consider his request for relief. Mr. Oriakhi is seeking relief as to how his removal will be executed by immigration authorities. Indeed, he challenges the predicted presence of federal officers on his return flight to his home country of Nigeria. By its very nature, therefore, Mr. Oriakhi is challenging how the government will execute his removal—one of the three categories of discretionary government actions as to which review is explicitly barred by the REAL ID Act. As detailed above, this Court lacks jurisdiction to consider such a challenge by Mr. Oriakhi. Therefore, his request for habeas relief will be summarily dismissed.

3

### B. Mandamus

Mr. Oriakhi also seeks mandamus relief by requesting that no escort accompany him on his flight back to Nigeria. Under 28 U.S.C. § 1361, a district court has "jurisdiction over a mandamus action to compel an employee of the United States to perform a duty owed to the plaintiff." *Taylor v. Hayman*, 435 F. App'x 62, 63 (3d Cir. 2011). In this case, Mr. Oriakhi fails to identify the source of any duty to refrain from accompanying him on his flight back to Nigeria.

### C. Preliminary Injunction

Mr. Oriakhi has also filed an application for a preliminary injunction. He complains that respondent attempted to:

> circumvent this court by attempting to place the alien detainee on board a cha[r]t[er]ed flight to Nigeria, from Miami International [A]irport in Florida. This attempt occurred by transporting the alien detainee across state lines out of this jurisdiction between June 13, 2016 through July 6, 2016, while the writ of mandamus and or prohibition is still pending before the court.

(Dkt. No. 8 at p.2) According to Mr. Oriakhi, he was not transported back to Nigeria at that time because of an inability to obtain a travel document from the Nigerian embassy. (*See id.*) Mr. Oriakhi seeks a preliminary injunction to prevent his removal from New Jersey while this action is pending.

A preliminary injunction requires that a plaintiff demonstrate that (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1988). In this case, as outlined above, Mr. Oriakhi's request for habeas and mandamus relief will be denied. Thus,

he is not entitled to a preliminary injunction because he has not shown a likelihood of success on the merits.

## V.      CONCLUSION

For the foregoing reasons, Mr. Oriakhi's habeas petition will be summarily dismissed as will his request for mandamus relief. Because he cannot demonstrate any likelihood of success on the merits, his application for a preliminary injunction is denied as well.

DATED:  December 21, 2016

_____
KEVIN MCNULTY
United States District Judge